UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE MEJIA HERNANDEZ,

                                    Plaintiff,

                    -against-

CITY OF MIDDLETOWN N.Y. POLICE;
DETECTIVES DIVISION,

                                    Defendants.

**ORDER OF SERVICE**

24-CV-1282 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff, who currently is detained at the Orange County Jail, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants used excessive force against him and violated his rights under the Fifth Amendment when he was in the custody of the Middletown Police Department. By order dated March 21, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman*

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

*v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## **DISCUSSION**

A.    Middletown Police Department Defendants

Plaintiff's claims against the Middletown Police Department and the Middletown Police Department "Detectives Division" must be dismissed because city agencies or departments do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

In light of Plaintiff's *pro se* status and likely intention to assert claims against the City of Middletown, the Court construes the complaint as asserting claims against the City of Middletown, and directs the Clerk of Court to amend the caption of this action to replace the City of Middletown Police Department and the Detectives Division with the City of Middletown. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of Middletown may wish to assert.

B.    Service on the City of Middletown

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant City of Middletown through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

C.    John Doe Defendants

Under Rule 21 of the Federal Rules of Civil Procedure, the Court, on its own motion, "may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). Under this rule, courts have added

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

an individual as a defendant in an action, though that individual is not named as a defendant in the complaint, because he or she is mentioned "throughout the body of the [c]omplaint" as involved in the underlying alleged events. *George v. Westchester Cnty. Dep't of Corr.*, No. 20-CV-01723, 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21, 2020); *see Adams v. NYC Dep't of Corrs.*, No. 19-CV-05909, 2019 WL 2544249, at *2 (S.D.N.Y. June 20, 2019).

Plaintiff does not name any individual officers as defendants. He does allege, however, that a City of Middletown detective or detectives used excessive force against him and used coercion to obtain a non-voluntary statement from him. (*See* Doc. 1 at 4). In light of Plaintiff's *pro se* status and his allegations, the Court understands Plaintiff's complaint as asserting claims against the individual detective or detectives personally involved in violating his rights. Accordingly, the Court directs the Clerk of Court to add "John Doe Detective(s)" as a defendant in this action, under Rule 21. This amendment is without prejudice to any defenses these John Doe defendants may wish to assert.

D.   *Valentin* order

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the City of Middletown Police Department to identify the John Doe detective or detectives whom Plaintiff alleges interrogated him and used excessive force against him at the Middletown Police Department. It is therefore ordered that Corporation Counsel of the City of Middletown, who is the attorney for and agent of the City of Middletown Police Department, must ascertain the identity and badge number of the John Doe detective or detectives whom Plaintiff seeks to sue here and the addresses where the defendants may be served. Corporation Counsel of the City of Middletown must provide this information to Plaintiff and the Court within sixty days of the date of this order.

4

The Court will deem the complaint amended once the full name(s) of the John Doe detective or detectives are identified. If identified, the Court will issue a subsequent order of service directing the Clerk of Court to complete the USM-285 form with the address for the newly named Defendant(s) and deliver all documents necessary to effect service to the U.S. Marshals Service.

E.    Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

## **CONCLUSION**

The Court dismisses Plaintiff's claims against the City of Middletown Police Department and its Detectives Division. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to add the City of Middletown as a Defendant under Fed. R. Civ. P. 21.

The Clerk of Court is further directed to add "John Doe Detective(s)" as a Defendant under Fed. R. Civ. P. 21.

The Clerk of Court is directed to issue a summons for the City of Middletown, complete the USM-285 form with the address for this defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

The Clerk of Court is further directed to mail a copy of this order and the complaint to Corporation Counsel for the City of Middletown at: 16 James Street, Middletown, New York 10940.

The Clerk of Court is also directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    White Plains, New York
          March 25, 2024

_____
PHILIP M. HALPERN
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

City of Middletown
Corporation Counsel
16 James Street
Middletown, NY 10940