UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE MEJIA HERNANDEZ,

                Plaintiff,

-against-

CITY OF MIDDLETOWN POLICE;
DETECTIVE KEVIN C. BRISCHOUX; and SGT.
COLON EVAN R.,

                Defendants.

**OPINION AND ORDER**

24-CV-01282 (PMH)

PHILIP M. HALPERN, United States District Judge:

Jose Mejia Hernandez ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this action against the City of Middletown Police (the "Middletown Police"), Detective Kevin C. Brischoux ("Brischoux"), and Sergeant Evan Colon ("Colon," and together, "Defendants") in connection with an arrest and later guilty plea when he was sixteen years old. (Doc. 1, "Compl."). Plaintiff filed an Amended Complaint with supporting documentation on September 20 and 23, 2024, clarifying the action was brought under 42 U.S.C. § 1983, adding individual defendants Brischoux and Colon, and identifying June 28, 2018 as the date of the arrest. (Docs. 24 and 25, "AC"; Doc. 27, "Pl. Decl.").[1]

---

[1] Plaintiff incorporates an "attachment" by reference into the AC, in the section where Plaintiff is prompted to set forth the "facts underlying [his] claim(s)," (AC (Doc. 25) at 5), which is a narrative setting forth the details of his claims. (AC (Doc. 24)). These documents together constitute the operative pleading in this case. Citations to "AC (Doc. 25)" are references to the form Amended Complaint, and citations to "AC (Doc. 24)" are citations to the attachment setting forth Plaintiff's allegations. Plaintiff also filed, within days of the filing of his Amended Complaint, an undated document identified as a "Declaration," which contains the same allegations as those in the attachment to the Amended Complaint. (*Compare* Pl. Decl. at 1-2 *with* AC (Doc. 24)). The Court also considers Plaintiff's "Declaration" in connection with Defendants' motion. *See Murphy v. Rodriguez*, No. 23-CV-06998, 2024 WL 4290723, at *2 (S.D.N.Y. Sept. 25, 2024) ("Because Plaintiff is proceeding *pro se*, the Court will consider the documents attached to his Complaint and Opposition"); *see also Barkai v. Mendez*, 629 F. Supp. 3d 166, 175 (S.D.N.Y. 2022) (where *pro se* plaintiff attached three documents, entitled "Appendices" to the complaint, the Court considered them for

Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on November 4, 2024. (Doc. 32; Doc. 33, "Smith Decl."; Doc. 34, "Def. Br."). Plaintiff did not file any opposition to Defendants' motion.[2]

For the reasons set forth below, Defendants' motion to dismiss is GRANTED.

## **BACKGROUND**

Plaintiff alleges that on June 28, 2018, when he was sixteen years old, he was arrested by Brischoux and Colon, members of the Middletown Police Department. (AC (Doc. 24) at 1-2; Pl. Decl. at 1-2). Plaintiff further alleges that he was "intimidated both verbally and physically" by Brischoux and Colon, pushed into a police car door, and "thrown into the wall while walking in the [Middletown] Police Departments stairwell." (AC (Doc. 24) at 1; Pl. Decl. at 1-2). According to Plaintiff, Brischoux and Colon did not give him the opportunity to be provided with legal representation or have either of his parents present during the arrest and "interrogation;" and then forced Plaintiff to make a false guilty plea, even though he was a minor and "lacked the mental capacity to know of [his] rights." (AC (Doc. 24) at 1-2; Pl. Decl. at 2).

---

purposes of the motion to dismiss as they were "squarely within the Court's purview at [that] juncture"). All citations to the Amended Complaint and Plaintiff's "Declaration" use the pagination generated by ECF.

[2] Defendants, in accordance with the Court's Individual Practices, filed a pre-motion letter on October 8, 2024, indicating their intention to move to dismiss the Amended Complaint. (Doc. 30). The pre-motion letter indicates that it was mailed to Plaintiff. (*Id.*). Plaintiff did not file any response to the pre-motion letter. Accordingly, on October 9, 2024, the Court waived any pre-motion conference requirement and set a briefing schedule for Defendants' motion to dismiss. (Doc. 31). The docket indicates that a copy of the Court's October 9, 2024 order was mailed to Plaintiff. (*See* Oct. 10, 2024 Entry). Plaintiff's brief in opposition to Defendants' motion was due December 13, 2024. (Doc. 31). On November 4, 2024, Defendants filed a Rule 12 notice to *pro se* litigant, the notice of motion, and affidavit of service which indicates it was mailed to Plaintiff by regular mail. (*See* Doc. 32; Doc. 35). Plaintiff did not file opposition papers. On December 23, 2024, the Court *sua sponte* extended Plaintiff's time to oppose the motion to January 13, 2025, warned Plaintiff no further extensions would be granted, and cautioned that if Plaintiff failed to file opposition by January 13, 2025, the motion would be deemed fully submitted and unopposed. (Doc. 36). The Court's December 23, 2024 order was mailed to Plaintiff. (*See* Dec. 26, 2024 Entry). Thus, as is clear from the docket, Plaintiff had ample notice of Defendants' motion to dismiss and failed to file any opposition thereto. Accordingly, the Court deems the motion fully submitted and *sub judice*.

**STANDARD OF REVIEW**

On a Rule 12(b)(6) motion, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[3] A claim is plausible on its face "when the ple[d] factual content [] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97,

---

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (internal quotation marks omitted)). Because *pro se* plaintiffs "are often 'unfamiliar with the formalities of pleading requirements,' courts must 'apply a more flexible standard in determining the sufficiency of a *pro se* [complaint] than they would in reviewing a pleading submitted by counsel.'" *Smith v. U.S. Dep't of Just.*, 218 F. Supp. 2d 357, 361 (W.D.N.Y. 2002) (quoting *Platsky v. Cent. Intelligence Agency*, 953 F.2d 26, 28 (2d Cir. 1991)). While "[p]ro se complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal* . . . dismissal of a *pro se* complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cty.*, No. 12-CV-6718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (internal citations omitted); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . although a court must accept as true all of the allegations . . . in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (internal quotation marks omitted)).

Therefore, while the Court must "draw the most favorable inferences that [a plaintiff's] complaint supports, [it] cannot invent factual allegations that [a plaintiff] has not pled." *Chappius*, 618 F.3d at 170. The Court also has a duty to interpret "the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

## ANALYSIS

Defendants contend that Plaintiff's claim under 42 U.S.C. § 1983 is time-barred by the applicable statute of limitations. (Def. Br. at 2-3, 5-6). Although statute of limitations is ordinarily asserted as an affirmative defense, the Second Circuit permits such defense to be raised on a Rule

4

12(b)(6) motion provided "the defense appears on the face of the complaint." *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004); *DiBenedetto v. Coley*, No. 22-CV-05926, 2024 WL 1216703 (S.D.N.Y. Mar. 21, 2024) (granting a motion to dismiss and dismissing claims as time-barred). Plaintiff alleges that the event giving rise to this claim occurred on June 28, 2018. (AC (Doc. 24) at 1; AC (Doc. 25) at 5; Pl. Decl. at 1).

The statute of limitations for claims brought pursuant to 42 U.S.C. § 1983 is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013). Similarly, federal courts will also borrow applicable state tolling provisions. *Fairley v. Collins*, No. 09-CV-6894, 2011 WL 1002422, at *4 (S.D.N.Y. March 15, 2011) ("In section 1983 actions, the court borrows not only a state's limitations period but also its tolling rules . . . for example, where . . . the plaintiff is under the disabilities of insanity or infancy."). New York law provides where a plaintiff, at the time of the cause of action, is an "infant," defined as a "person who has not attained the age of eighteen years," *see* N.Y. C.P.L.R. § 105(j), a plaintiff's time by which to file an action is extended to three years after the plaintiff turns eighteen. *See* N.Y. C.P.L.R. § 208(a); s*ee also Koger v. New York*, No. 13-CV-07969, 2014 WL 3767008, at *5 (S.D.N.Y. July 31, 2014).

Here, according to Plaintiff, he was sixteen years old at the time of the arrest on June 28, 2018. (AC (Doc. 24) at 1-2; Pl. Decl. at 2).[4]

---

[4] Defendants proffer a document on this motion for the purpose of verifying Plaintiff's date of birth. (*See* Smith Decl. ¶ 4; Def. Br. at 6). While "[t]he Court may take judicial notice of the records and reports of the relevant administrative bodies, and public filings in Plaintiff's lawsuits," *Joseph v. County of Westchester DCMH*, No. 22-CV-08742, 2024 WL 167334, at *1, n.1 (S.D.N.Y. Jan. 16, 2024) (citing *Rothman v.*

5

Thus, examining the Amended Complaint with the liberality required of *pro se* pleadings, the Court will assume Plaintiff's sixteenth birthday is the latest possible date in time for statute of limitations calculations, *i.e.*, June 28, 2018. The statute of limitations was then tolled for two years until June 28, 2020, the date Plaintiff would have turned eighteen. N.Y. C.P.L.R. §208(a). Accordingly, the time for Plaintiff to have commenced this action would have expired, at the latest, on June 28, 2023.[5] Plaintiff did not commence this action until February 8, 2024. *Ellis v. Kim*, No. 23-CV-05309, 2024 WL 4882702, at *4 (S.D.N.Y. Nov. 25, 2024) ("'[U]nder the prison mailbox rule, the date of filing is deemed to be the date that the prisoner-plaintiff delivered his complaint to a prison guard for mailing to the court, which is presumed to be the date that the complaint was signed.'"); *see also Walker v. Jastremski*, 430 F.3d 560, 561 (2d Cir. 2005) (explaining prison mailbox rule). Accordingly, Plaintiff's Section 1983 claim is barred by the statute of limitations, and Defendants' motion is granted.

---

*Gregor*, 220 F.3d 81, 92 (2d Cir. 2000)), a court may nonetheless only utilize such documents "to establish their existence and legal effect, or to determine what statements they contained," but "not for the truth of the matters asserted," *Fine v. ESPN, Inc.*, 11 F. Supp. 3d 209, 223 (S.D.N.Y. 2014); *see also Knight v. IBM*, No. 24-1281, 2025 WL 1009175, at *1 (2d Cir. Apr. 3, 2025) ("The district court was permitted to find that the [documents] were incorporated by reference, but it erred in relying on the accuracy of the dates in those statements without providing the parties with the opportunity to submit additional materials."). In any event, it is not necessary for the Court to look to any extraneous documents submitted by Defendants to establish Plaintiff's date of birth. As discussed herein, Plaintiff alleged he was sixteen on June 28, 2018. (AC (Doc. 24) at 1-2; *see also* Pl. Decl. at 2). This is sufficient factual information to determine from the face of the Amended Complaint whether Plaintiff's action is time-barred.

[5] The Court notes that the statute of limitations was also tolled by the Governor of New York due to the COVID-19 pandemic, thereby providing additional time for Plaintiff to file the instant action. *Bull v. Howard*, No. 22-CV-00766, 2024 WL 1939480, at *18 (W.D.N.Y. Apr. 11, 2024), *adopted by* 2024 WL 1932696 (W.D.N.Y. May 2, 2024). However, assuming again that Plaintiff's eighteenth birthday fell on June 28, 2020, and incorporating the COVID-19 pandemic tolling, the deadline for Plaintiff's filing would have expired 3 years and 129 days from such date, specifically, on November 4, 2023. As Plaintiff filed the action on February 8, 2024, approximately three months thereafter, Plaintiff's action is not saved by either tolling provision detailed herein.

Although Plaintiff does not specifically identify any state law claims in his pleadings, Plaintiff may be able to allege sufficient facts to sustain state law claims under a *respondeat superior* liability theory, if he complied with appropriate requirements and is not otherwise barred from bringing such claims. However, having dismissed Plaintiff's Section 1983 claim for relief—*i.e.*, the only claim over which this Court has original jurisdiction—the Court declines to exercise jurisdiction over any outstanding state law claims. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 n.6 (2d Cir. 2017) ("Of course, a district court may decline to exercise supplemental jurisdiction over state and local law claims if it has dismissed all claims over which it has original jurisdiction."); *see also Offor v. Mercy Med. Ctr.*, No. 17-CV-01872, 2018 WL 2947971, at *7 (S.D.N.Y. May 31, 2018) ("A federal district court may decline to exercise supplemental jurisdiction over pendent state law claims when it 'has dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c)(3))); *Eyeghe v. Thierry*, No. 14-CV-01914, 2014 WL 5242605, at *2 (S.D.N.Y. Oct. 15, 2014) (declining to exercise supplemental jurisdiction over state law claims after dismissing Title VII claim for failure to allege plausibly the requisite number of employees).[6]

Any state law claims Plaintiff wishes to press are, accordingly, dismissed without prejudice to re-filing in the proper forum.

## CONCLUSION

Based upon the foregoing, Defendants' motion to dismiss is GRANTED. While "[d]istrict courts should frequently provide leave to amend before dismissing a *pro se* complaint . . . leave to amend is not necessary when it would be futile." *Reed v. Friedman Mgt. Corp.*, 541 F. App'x 40,

---

[6] Given the conclusions reached herein, the Court need not and does not reach Defendants' remaining arguments regarding Plaintiff's failure to comply with the New York General Municipal Law. (*see* Def. Br. at 3-4).

7

41 (2d Cir. 2013) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). "Courts have denied leave to amend as futile where the claims are barred by applicable statute of limitations." *Bergrin v. United States*, No. 19-CV-09681, 2022 WL 912280, at *14 (S.D.N.Y. Mar. 28, 2022); *see also Khalil v. Pratt Inst.*, 818 F. App'x 115, 116 (2d Cir. 2020) ("[A] district court may sua sponte dismiss a complaint as time-barred 'where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.'"). For the reasons described herein, Plaintiff's Section 1983 claim is time-barred and thus dismissed with prejudice as any amendment would be futile. To the extent he has alleged a state law claim, it is dismissed without prejudice to re-filing in the proper forum.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is respectfully directed to terminate the motion (Doc. 32); to close this case; and to mail a copy of this Opinion and Order to Plaintiff.

                              **SO ORDERED:**

Dated: White Plains, New York
       April 21, 2025

                                         Philip M. Halpern
                                         United States District Judge